THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. JAMES KERNEY, Petitioner-Appellant.

First District (5th Division)   No. 85—1666

Opinion filed March 11, 1988.

Steven Clark and Deborah Liebow, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, James E. Fitzgerald, and Michael J. O'Brien, Assistant State's Attorneys, of counsel), for the People.

JUSTICE MURRAY delivered the opinion of the court:

Petitioner James Kerney appeals from an order of the circuit court of Cook County dismissing his post-conviction petition pursuant to section 122—2.1(a) of the Post-Conviction Hearing Act (the Act) (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1(a)). On appeal, petitioner contends: (1) the trial court erred in dismissing his petition in which he alleged denial of his constitutional right to effective assistance of counsel; (2) the Act violates the State and Federal constitutional guarantees of due process and equal protection because it fails to provide indigent petitioners with appointed counsel prior to a final adjudication on the merits of a petition for post-conviction relief; (3) the Act violates the doctrine of separation of powers because it conflicts with Supreme Court Rule 651(c) (107 Ill. 2d R. 651(c)), which requires appointment of counsel prior to a final judgment on the merits of a post-conviction petition; (4) the Act violates the doctrine of separation of powers because it requires the petition to be assigned to a judge who was not involved in the original trial proceeding; (5) fundamental fairness requires that petitioner be allowed to file an amended petition and his case remanded for that purpose; (6) section 122—2.1 of the Act, which allows the trial court to dismiss a petition without the appointment of counsel where the petition is determined to be frivolous or patently without merit, is invalid because it is inseverable from section 122—8, which has been held unconstitutional; and (7) because the court failed to enter its order of dismissal within 30 days of the filing of the petition, the court could not avail itself of a section 122—2.1(a)

dismissal and the case must be remanded for proceedings in accordance with section 122—4 through section 122—6 of the Act. For the reasons set forth below, we reverse and remand the cause for further proceedings.

In 1984, petitioner was found guilty of residential burglary (Ill. Rev. Stat. 1983, ch. 38, par. 19—3) and sentenced to eight years' imprisonment. On January 17, 1985, prior to filing an appeal of his sentence,[1] petitioner filed a *pro se* post-conviction petition in the circuit court of Cook County. In his petition, he alleged that he had been denied effective assistance of counsel because his public defender failed to call an investigator as a defense witness and did not allow him (petitioner) to testify at trial; he was denied access to fingerprint reports in the possession of the Chicago police department; there was a discrepancy between the arresting officer's testimony at a preliminary hearing, his police report, and his testimony at trial; and the evidence had been insufficient to convict him beyond a reasonable doubt.

On May 25, 1985, the trial court dismissed petitioner's petition on its own motion, finding "[a]ll items raised in the post-conviction are an attack as to the trial tactics and the possibility of evidence, the alleged statement by the defendant to a police investigator, which was exculpatory in nature and, therefore, not admissible, especially in view of the fact that the Petitioner-Defendant, James Kerney, did not testify at the trial." Petitioner subsequently filed an appeal to this court from the order dismissing his post-conviction petition.

During oral argument on the appeal in this court, counsel advised the court that our supreme court had granted leave to appeal in three consolidated cases encompassing the arguments raised by petitioner and, accordingly, we reserved disposition of the appeal pending a decision therein. A decision has been rendered in those cases and it is dispositive of the instant appeal. (See *People v. Porter* (1988), 122 Ill. 2d 64.) In *Porter*, one of the issues raised by two of the three defendants concerned an interpretation of section 122—2.1(a), which provided, in pertinent part, as follows:

> "*Within 30 days* after the filing and docketing of each petition, the court *shall* examine such petition and enter an order thereon pursuant to this Section. If the court determines the petition is frivolous or is patently without merit, it shall dismiss

---

[1] In petitioner's subsequent appeal of his sentence to this court, in which he challenged the constitutionality of the residential burglary statute and its related sentencing provisions, we affirmed the trial court in an opinion filed pursuant to Supreme Court Rule 23 (87 Ill. 2d R. 23) (*People v. Kerney* (1986), 143 Ill. App. 3d 1158).

the petition in a written order \*\*\*. Such order of dismissal is a final judgment and shall be served upon the petitioner by certified mail within 10 days of its entry." (Emphasis added.) (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—2.1(a).)

In essence, the defendants argued that the 30-day requirement of entry of a dismissal order was mandatory, whereas the State contended it was directory. The court subsequently held that the provision was mandatory based upon the following rationale:

"If the language of a statute is clear on its face, it should be given effect without resort to principles of statutory construction. [Citation.] In the present cases, the language in section 122—2.1(a) clearly states that the court 'shall' examine postconviction petitions and enter an order within 30 days after they have been filed and docketed. Moreover, the word 'shall' is generally indicative of a mandatory intent. [Citation.]

Similarly, mandatory intent is indicated where a statute prescribes the result that will occur if the specified procedure is not followed. [Citation.] Section 122—2.1(b) prescribes the result when a trial court fails to dismiss a petition within 30 days as follows:

'If the petition is not dismissed pursuant to this Section, the court shall order the petition to be docketed for further consideration in accordance with Sections 122—4 through 122—6.' (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—2.1(b).)" (122 Ill. 2d at 85.)

Accordingly, since the petitions of the two defendants were dismissed after 30 days of their filing, the court reversed the judgments of the appellate and circuit courts with directions that the defendants' petitions be docketed "for further consideration in accordance with sections 122—4 through 122—6 of the Code of Criminal Procedure."

■■ ■ In the instant case, petitioner filed his petition on January 17, 1985, but the trial court did not enter its dismissal order until May 23, 1985. Accordingly, in light of the *Porter* ruling, the trial court's noncompliance with the 30-day requirement of section 122—2.1(a) renders the dismissal void. We thus reverse the judgment of the trial court and remand the cause with the same directions in *Porter* that petitioner's petition be docketed for further consideration in accordance with section 122—4 through section 122—6 of the Code of Criminal Procedure.

In light of the above disposition, we need not address the additional issues raised by petitioner. We briefly note, however, that all of the constitutional issues raised by petitioner were decided adversely

to his position by *Porter*.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed, and the cause remanded with directions.

Reversed and remanded, with directions.

LORENZ, P.J., and SULLIVAN, J., concur.

