THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GEORGE BOSTIC, Defendant-Appellant.

First District (3rd Division)   No. 85—3262

Opinion filed September 7, 1988.

Sanford N. Stone, of Chicago (Elyse Krug Miller, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., James E. Fitzgerald, and Kevin J. Moore, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

Defendant George Bostic appeals the summary dismissal of his petition for post-conviction relief. In this appeal, defendant initially contended that the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1) was unconstitutional because it allows trial courts to dismiss petitions which are "patently without merit" without appointing counsel for the defendant. Defendant claimed that the statute conflicts with Supreme Court Rule 651(c) (107 Ill. 2d R. 651(c)), which requires the appointment of counsel at the appellate level; that it denies indigent defendants equal protection and due process; and that it is inseverable from another statutory provision which has been held unconstitutional.

In *People v. Porter* (1988), 122 Ill. 2d 64, 521 N.E.2d 1158, which was decided during the pendency of defendant's appeal in the instant case, the supreme court addressed the constitutional attacks on the post-conviction statute. The court held that the statute did not conflict with Rule 651(c); that it does not deny indigent defendants due process or equal protection; and that it is severable from the section of the statute (Ill. Rev. Stat. 1985, ch. 38, par. 122—8) which had been held to be an unconstitutional infringement of judicial authority because it required a new judge to hear the post-conviction petition.

In view of the supreme court's decision, on March 9, 1988, we found defendant's constitutional claims to be without merit, and, in an unpublished order, affirmed the dismissal of his post-conviction petition. Defendant then petitioned this court for rehearing of his appeal, citing *Porter* for the proposition that the trial court's summary disposition was improper under the post-conviction statute because his petition was not dismissed within 30 days of its filing.

The relevant section of the Act provides: "Within 30 days after the filing and docketing of each petition, the court shall examine such petition and enter an order thereon pursuant to this Section. If the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision." (Ill.

Rev. Stat. 1985, ch. 38, par. 122—2.1(a).) Defendant's petition was filed on June 24, 1985, and was dismissed on July 30, 1985. In *Porter*, the supreme court held that the Act's 30-day time limit for summary disposition was mandatory and that failure to dismiss a petition within that limit required the court to proceed with a full hearing as provided in sections 122—4 through 122—6 of the Act. (*Porter*, 122 Ill. 2d at 86.) Defendant's request for reconsideration of his appeal is based solely on the holding of *Porter*.

■ The State, conceding that the trial court did not dismiss the petition within 30 days of filing, argues that defendant has waived the issue by failing to raise it in the trial court or in his initial appeal to this court. We disagree. A void judgment or order may be attacked and vacated at any time. (*Fox v. Department of Revenue* (1966), 34 Ill. 2d 358, 361, 215 N.E.2d 271.) The supreme court's decision in *Porter* clearly indicates that a summary dismissal entered after the 30-day period is such an order: "Because we find the 30-day rule of section 122—2.1 to be mandatory and not discretionary, the trial courts' noncompliance with the Act renders the dismissal void. *** On remand, the circuit court is directed to order said defendants' petitions docketed for further consideration in accordance with sections 122—4 through 122—6 of the Code of Criminal Procedure of 1963." *Porter*, 122 Ill. 2d at 86.

■ Since the trial court's dismissal of defendant's petition was void, we conclude that defendant did not waive the issue by failing to raise it in the trial court. We withdraw our Rule 23 order of March 9, 1988, vacate the dismissal order of the circuit court of Cook County, and remand the cause for further proceedings consistent with sections 122—4 through 122—6 of the Post-Conviction Hearing Act.

Vacated and remanded.

McNAMARA and FREEMAN, JJ., concur.