THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JOHN L. BROTHERS, Defendant-Appellant.

Second District   No. 2—87—0337

Opinion filed February 22, 1989.

G. Joseph Weller and Kim M. DeWitt, both of State Appellate Defender's Office, of Elgin, for appellant.

Robert J. Morrow and Gary V. Johnson, State's Attorneys, of Geneva

(William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of Elgin, and John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of Ottawa, of counsel), for the People.

PRESIDING JUSTICE UNVERZAGT delivered the opinion of the court:

Defendant, John Brothers, appeals from an order of the trial court which dismissed his petition for relief pursuant to the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*). On appeal, defendant contends that (1) the trial court's dismissal of his petition without first appointing counsel violated his due process rights and the doctrine of separation of powers, and (2) the trial court improperly entertained the State's motion to dismiss his petition prior to determining whether the petition was frivolous or patently without merit.

After a jury trial, defendant was found guilty of burglary and was sentenced to a 10-year term of imprisonment under the extended-term provisions of the Unified Code of Corrections (see Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—2). Defendant appealed his conviction to this court, and, in an order entered pursuant to Supreme Court Rule 23 (107 Ill. 2d R. 23), we affirmed defendant's conviction of and sentence for burglary. See *People v. Brothers* (1986), 148 Ill. App. 3d 1156 (unpublished Rule 23 order).

On March 30, 1987, defendant filed a petition for post-conviction relief which alleged that his State and Federal constitutional rights were violated because he was tried by an all-white jury. Defendant's petition further requested that counsel be appointed to represent him during his post-conviction proceedings. On April 2, 1987, the State filed a motion to dismiss defendant's petition. Defendant's cause was then transferred to a different judge who conducted a hearing on defendant's petition.

During the hearing on defendant's petition, the trial court initially asked the State to address the issue whether defendant was entitled to be represented by counsel during the initial stage of the proceedings. The State responded that if the court was determining whether defendant's petition was facially defective, then defendant had no right to counsel. The State was then allowed to argue that the alleged constitutional violation raised in defendant's petition was meritless and the petition should be dismissed. Defendant did not respond to the State's argument.

The trial court decided to continue the matter and appoint the

public defender's office to represent defendant. The public defender stated that the appointment of her office was tantamount to determining that defendant's petition was not frivolous. In response to the public defender's statement, the trial court gave the following soliloquy:

> "I think in light of that, Mr. Brothers, rather than taking the position that I have and continue the matter until Wednesday, for the reasons that the State's Attorney has indicated, the petition on its face does not set forth substantive reasons to justify the granting of the post-conviction relief, and by appointing the Public Defender, in essence what I am doing, then, is finding that it does have substance, when, in fact, I don't believe that it does have substance.
>
> So, to avoid that sort of a—what I think would be an inappropriate—or, I am finding—I am going to make a finding that your petition does not set forth substantive matters to justify your post-conviction relief.
>
> Accordingly, then, I am going to go ahead and grant the State's motion to dismiss your petition for post-conviction relief."

Defendant filed a timely notice of appeal from the dismissal of his post-conviction petition.

■ Defendant first contends that the trial court's failure to appoint counsel to assist him in the preparation of his petition for post-conviction relief prior to dismissing his petition violated his due process rights and the doctrine of separation of powers. The State maintains, and defendant's reply brief readily concedes, that this issue has been decided against defendant in *People v. Porter* (1988), 122 Ill. 2d 64. In *Porter*, our supreme court determined that the failure to appoint counsel prior to the dismissal of a post-conviction petition pursuant to section 122—2.1 of the Act (Ill. Rev. Stat. 1987, ch. 38, par. 122—2.1) does not violate either the doctrine of separation of powers, a defendant's due process rights, or a defendant's equal protection rights. (*Porter*, 122 Ill. 2d at 70 through 78.) Therefore, the trial court did not err in denying defendant's request for counsel to assist him in the preparation of his post-conviction petition.

In his second appellate contention, defendant asserts that the trial court violated section 122—2.1(a) of the Act (Ill. Rev. Stat. 1987, ch. 38, par. 122—2.1(a)) when it granted the State's motion to dismiss without first determining whether defendant's petition was frivolous or patently without merit.

Section 122—2.1(a) states:

"Within 30 days after the filing and docketing of each petition, the court shall examine such petition and enter an order thereon pursuant to this Section. If the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision. Such order of dismissal is a final judgment and shall be served upon the petitioner by certified mail within 10 days of its entry." Ill. Rev. Stat. 1987, ch. 38, par. 122—2.1(a).

■ A trial judge alone is to consider whether a petition for post-conviction relief is frivolous or patently without merit in the absence of pleadings or input from either side. (*People v. Day* (1987), 152 Ill. App. 3d 416, 420; *People v. Ramsey* (1985), 137 Ill. App. 3d 443, 447; *People v. Alexander* (1985), 136 Ill. App. 3d 1047, 1052.) After the trial judge has determined that a post-conviction petition is not frivolous, the State may file pleadings within the time set forth in section 122—5 (Ill. Rev. Stat. 1987, ch. 38, par. 122—5). *Day*, 152 Ill. App. 3d at 420.

■ The record indicates that the trial court improperly considered the arguments presented in the State's motion to dismiss in determining whether defendant's petition was frivolous. The State maintains that even if the trial court failed to comply with section 122—2.1(a), the court correctly determined that defendant's petition was meritless. We cannot, however, make a determination as to whether defendant's petition was frivolous or patently without merit because we do not have jurisdiction to do so. (See Ill. Rev. Stat. 1987, ch. 38, par. 122—1; *Day*, 152 Ill. App. 3d at 421.) The State further contends that the trial court properly adhered to the procedural rules set forth in section 122—2.1(a) because the court's appointment of the public defender implied that defendant's petition was meritorious on its face. A careful reading of the record shows that the trial court expressly declined to appoint the public defender to represent defendant. Therefore, we conclude that the trial court failed to follow the guidelines set forth in section 122—2.1(a).

■ Because the failure to comply with the statutory requirements of section 122—2.1(a) renders the dismissal of a post-conviction petition void (*Alexander*, 136 Ill. App. 3d at 1053), we reverse the trial court's order which dismissed defendant's petition and remand the cause for further proceedings. On remand, we direct the trial court to make a determination as to the frivolity of defendant's petition. If the trial court finds merit to defendant's petition, the State should then be permitted to file its motion to dismiss in accord-

ance with the time limitations set forth in section 122—5.

The judgment of the circuit court is reversed, and the cause is remanded with directions.

Reversed and remanded, with directions.

INGLIS and REINHARD, JJ., concur.