THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
GREGORY JONES, Defendant-Appellant.

Second District   No. 2—88—0090

Opinion filed March 8, 1989.—Rehearing denied April 7, 1989.

Kenneth N. Flaxman and Elizabeth Dale, both of Chicago, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers
and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's
Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Gregory Jones, appeals from a judgment of the circuit
court of Lake County dismissing his post-conviction petition. On ap-
peal, defendant contends that the trial court's order of dismissal is
void because it was entered more than 30 days after the petition was
filed. For the reasons set forth below, we vacate the judgment and re-
mand the cause for further proceedings.

In July 1977, defendant was found guilty of robbery, rape and
murder after a jury trial in the circuit court of Lake County. On Sep-
tember 27, 1977, judgment was entered, and defendant was sentenced
on all three counts. This court affirmed defendant's conviction on di-
rect appeal. *People v. Jones* (1980), 81 Ill. App. 3d 1201 (unpublished
Rule 23 order).

On September 9, 1987, defendant filed a *pro se* post-conviction pe-

tition alleging that his conviction should be overturned due to the ineffective assistance of counsel. A second petition was filed on defendant's behalf by retained counsel on September 14, 1987. This petition basically restated the allegations made in the *pro se* petition. On December 10, 1987, the public defender was appointed to represent defendant, and the case was set for status on December 30. At the status hearing, the court dismissed the petition, finding that it was frivolous and that the issue was waived because it was not raised on direct appeal. This appeal ensued.

■ The sole issue raised on appeal is whether the trial court's dismissal order is void because it was not entered within 30 days of the filing of the post-conviction petition. Section 122—2.1 of the Code of Criminal Procedure of 1963 states that within 30 days after a post-conviction petition is filed, the court shall enter an order either dismissing the petition as frivolous or setting the matter for consideration. (Ill. Rev. Stat. 1987, ch. 38, par. 122—2.1.) In *People v. Porter* (1988), 122 Ill. 2d 64, 521 N.E.2d 1158, the Illinois Supreme Court ruled that the 30-day rule of section 122—2.1 was mandatory and noncompliance with the rule rendered a later order of dismissal void. *Porter*, 122 Ill. 2d at 84-87, 521 N.E.2d at 1166-67.

The State argues that even though the trial court's dismissal of the petition took place more than 30 days after the petition was filed, *Porter* does not apply because the court ordered counsel to be appointed and an amended petition was filed before dismissal occurred. This argument exhibits both a misunderstanding of *Porter* and a mischaracterization of the facts of the present case.

■ Only two petitions were filed in the present case, and both petitions were filed more than two months before the trial court appointed the public defender. *Porter* and section 122—2.1 are very clear in their requirements. Within 30 days after the filing of a petition the court must either enter an order dismissing the petition or order the petition to be set for further consideration. Some order must be entered within that 30-day period. If no order is entered, then *Porter* requires that any later dismissal must be vacated and the petition must be set for further consideration in accordance with sections 122—4 through 122—6. (Ill. Rev. Stat. 1987, ch. 38, pars. 122—4 through 122—6.) Since no order was entered within the 30-day period, the order of dismissal was improper and must be vacated. Furthermore, the record does not reflect that the court docketed and further considered the matter in accordance with sections 122—4 through 122—6 pursuant to section 122—2.1(b) as it was required to do under *Porter*. 122 Ill. 2d at 86.

The judgment of the circuit court of Lake County is vacated, and the cause is remanded for further proceedings consistent with this order.

Vacated and remanded.

DUNN and LINDBERG, JJ., concur.