THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT NELSON, Defendant-Appellant.

Second District   No. 2—87—0939

Opinion filed May 12, 1989.

G. Joseph Weller and Patrick M. Carmody, both of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, Robert Nelson, appeals from an order of the trial court granting the State's motion to dismiss his post-conviction petition. Defendant's sole appellate contention is that the trial court improperly dismissed his petition more than 30 days after he had filed it. We reverse and remand.

On September 12, 1979, a jury convicted defendant of six counts of murder relating to the death of his mother, and the court sentenced him to a 40-year prison term. This court affirmed defendant's conviction in *People v. Nelson* (1981), 101 Ill. App. 3d 1198 (unpublished Rule 23 order). Defendant subsequently filed a post-conviction petition which the trial court denied, and we affirmed the order denying that petition in *People v. Nelson* (1986), 145 Ill. App. 3d 1167 (unpublished Rule 23 order).

On February 27, 1987, defendant, acting *pro se,* filed the post-conviction petition underlying this appeal and requested the trial court to vacate five of the six murder convictions and grant him a new sentencing hearing. No further action was taken on defendant's petition until July 29, 1987, at which time the State filed a motion to dismiss. The trial court held a hearing on the State's motion on September 10, 1987. Defendant was not present at that hearing and was not appointed counsel nor represented by counsel. The State argued that the court should not appoint counsel for defendant on the petition and that the petition "should be dismissed as being without merit." The trial court granted the State's motion and dismissed the petition. Defendant then filed this timely appeal.

Relying on our supreme court's recent decision in *People v. Porter* (1988), 122 Ill. 2d 64, 83-85, defendant argues that the trial court was required to rule on his post-conviction petition no later than 30 days after he filed it in accordance with the mandatory 30-day provision of section 122—2.1(a) of the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1987, ch. 38, par. 122—2.1(a)). The State responds that defendant misapprehends the teaching of *Porter* and that the 30-day mandatory provision of section 122—2.1(a) as construed in *Porter* is inapplicable in the present case because the trial court dismissed the petition pursuant to the State's motion under section 122—5 of the Act (Ill. Rev. Stat. 1987, ch. 38, par. 122—5). As we explain below, it is the State, rather than defendant, that demonstrates a basic misunderstanding of both the interplay of sections 122—2.1 and 122—5 of the Act and the clear import of *Porter.*

■ Section 122—2.1(a) of the Act prescribes that the trial court shall examine and enter an order adjudicating a post-conviction peti-

tion *within 30 days* after the defendant has filed his or her petition. (Ill. Rev. Stat. 1987, ch. 38, par. 122—2.1(a).) If the court concludes that "the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order." (Ill. Rev. Stat. 1987, ch. 38, par. 122—2.1(a).) Section 122—2.1(b) states that in the event the court decides not to dismiss the petition, "the court shall order the petition to be docketed for further consideration in accordance with Sections 122—4 through 122—6" of the Act (Ill. Rev. Stat. 1987, ch. 38, pars. 122—4 through 122—6). (Ill. Rev. Stat. 1987, ch. 38, par. 122—2.1(b).) Section 122—5 of the Act, in turn, sets forth the requirement that "the State shall answer or move to dismiss" the petition no later than 30 days after the entry of the court's order pursuant to section 122—2.1(b) or within any further time the court may set. (Ill. Rev. Stat. 1987, ch. 38, par. 122—5.) Thus, only after the petition has passed the first examination by the trial judge in accordance with section 122—2.1 may the State file pleadings within the time set forth in section 122—5. *People v. Brothers* (1989), 179 Ill. App. 3d 788, 791; *People v. Day* (1987), 152 Ill. App. 3d 416, 420.

■ In *People v. Porter* (1988), 122 Ill. 2d 64, 85-86, our supreme court held that the 30-day rule of section 122—2.1(a) was mandatory and not discretionary. In so holding, the court stated that the trial court's failure to comply with the Act rendered its subsequent dismissal of a post-conviction petition void. (122 Ill. 2d at 86.) This court recently reviewed a case arising under similar facts. (See *People v. Jones* (1989), 180 Ill. App. 3d 37, 38.) In *Jones*, we concluded that *Porter* and section 122—2.1(a) *require* the trial court to review a post-conviction petition within 30 days of its filing. (*Jones*, 180 Ill. App. 3d at 38; see *Porter*, 122 Ill. 2d at 85; Ill. Rev. Stat. 1987, ch. 38, par. 122—2.1(a).) *Porter* further stated that if, upon that initial review, the court found the petition to be frivolous and patently without merit, it was *required* to enter an order of dismissal. (*Porter*, 122 Ill. 2d at 85; see Ill. Rev. Stat. 1987, ch. 38, par. 122—2.1(a).) Although in interpreting these provisions our opinion in *Jones* states that "[s]ome order must be entered within that 30-day period," we intended that the 30-day period apply only to orders entered pursuant to section 122—2.1(a). (*Jones*, 180 Ill. App. 3d at 38.) If an order of dismissal on the basis of frivolity is not entered within 30 days after the petition is filed, "any later dismissal must be vacated and the petition must be set for further consideration in accordance with sections 122—4 through 122—6." (*Jones*, 180 Ill. App. 3d at 38.) We did not intend in *Jones*, nor do we hold here, that the 30-day period applies to orders entered pursuant to section 122—2.1(b). Rather, docketing orders en-

tered pursuant to section 122—2.1(b) may be entered at any time.

In the instant action, the trial court did not review defendant's petition within the first 30 days as was required by section 122—2.1(a) of the Act. In addition, counsel was never appointed for defendant, and the record indicates that the petition was never docketed for further consideration in accordance with sections 122—4 through 122—6 of the Act as required by section 122—2.1(b) of the Act. Thus, we conclude that the trial court's failure to comply with the 30-day rule of section 122—2.1(a) renders the subsequent dismissal of defendant's post-conviction petition void. (*Porter*, 122 Ill. 2d at 86.) Moreover, inasmuch as the Act does not allow the State to file a motion to dismiss pursuant to section 122—5 of the Act prior to the time the court fulfills its responsibilities under section 122—2.1, the State's motion to dismiss is a nullity. (See *Day*, 152 Ill. App. 3d at 420; see *Brothers*, 179 Ill. App. 3d at 791.) In light of the fact that the trial court did not enter any order dismissing defendant's petition on the basis of frivolity within the mandatory 30-day period prescribed in section 122—2.1(a) and because the State's motion to dismiss pursuant to section 122—5 was premature, we reverse the order of the trial court and remand this cause to that court for further consideration.

Having concluded that the trial court's order in the instant action must be reversed, all that is left before us is to determine what procedure the court should follow upon remand. In *Porter*, the supreme court concluded that the circuit court's failure to comply with section 122—2.1 of the Act rendered its subsequent dismissal of the petition void and ordered that the cause be remanded and the petition "docketed for further consideration in accordance with sections 122—4 through 122—6" of the Act. (*Porter*, 122 Ill. 2d at 86.) Similarly, a panel of this court followed *Porter* and remanded an improperly dismissed petition to the trial court for "further consideration in accordance with sections 122—4 through 122—6" of the Act. (See *People v. Jones* (1989), 180 Ill. App. 3d 37, 38.) However, in another recent opinion, a different panel of this court remanded the cause to the trial court with directions that it make a determination as to the frivolity of the petition, and, if the court found that the petition had merit, then permit the State to file a motion in accordance with section 122—5. (See *People v. Brothers* (1989), 179 Ill. App. 3d 788, 791-92.) Upon further consideration of *Porter*, we conclude that the trial court lost authority to dismiss the petition pursuant to section 122—2.1(a) by not ruling on it within 30 days. Accordingly, that portion of our decision in *Brothers* permitting the trial court to make a section 122—2.1(a) ruling after the 30-day period has expired should not be fol-

lowed. Rather, the proper procedure upon remand in such a case is for the trial court to docket the petition for consideration in accordance with sections 122—4 through 122—6 of the Act. See *Porter*, 122 Ill. 2d at 86; *Jones*, 180 Ill. App. 3d at 38.

For the reasons set forth above, the judgment of the circuit court is reversed, and this cause is remanded to that court with directions that the court docket the petition for consideration in accordance with sections 122—4 through 122—6 of the Act.

Reversed and remanded with directions.

WOODWARD and NASH, JJ., concur.