THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LUIS MAGDALENO, Defendant-Appellant.

Second District   No. 2—88—0057

Opinion filed September 6, 1989.

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William J. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Luis Magdaleno, appeals from an order of the circuit court dismissing his petition for post-conviction relief. Defendant raises one issue on appeal: whether he is entitled to a new hearing on the petition because the State wrongly filed a motion to strike on which the trial court relied when it dismissed the petition. We reverse and remand.

After a jury trial, defendant was convicted of three counts of attempted murder (Ill. Rev. Stat. 1985, ch. 38, pars. 8—4(a), 9—1(a)(1)). This court, in an unpublished order, affirmed defendant's conviction and sentence. *People v. Magdaleno* (1987), 153 Ill. App. 3d 1163 (unpublished order under Supreme Court Rule 23).

On May 18, 1987, defendant filed a *pro se* petition pursuant to the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*). On May 26, 1987, the State's Attorney's office filed a motion to strike the petition for post-conviction relief. On the same day, the court held a hearing without appointing counsel for petitioner. The court stated that it read the motion to strike and the Rule 23 order of this court. The court gave reasons addressing the merits of the State's motion to dismiss and dismissed the petition on its merits. The court never entered a written order.

Defendant contends that it was error for the court to consider the motion to strike without first having made a determination of frivolity or appointing counsel for defendant and, therefore, the cause should be remanded for further proceedings under the Act. Section 122—2.1 of the Act provides:

"(a) Within 30 days after the filing and docketing of each petition, the court shall examine such petition and enter an order thereon pursuant to this Section. If the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision. ***

(b) If the petition is not dismissed pursuant to this Section, the court shall order the petition to be docketed for further consideration in accordance with Sections 122—4 through 122—6.

(c) In considering a petition pursuant to this Section, the court may examine the court file of the proceeding in which the petitioner was convicted, any action taken by an appellate court in such proceeding and any transcripts of such proceeding." (Ill. Rev. Stat. 1987, ch. 38, par. 122—2.1.)

Within 30 days of the court finding that the petition was not frivolous or patently without merit, the State shall then answer or move to dismiss. Ill. Rev. Stat. 1987, ch. 38, par. 122—5.

■ Defendant argues that the trial court did not comply with the statutory procedure when it reviewed and relied on the State's motion to strike the petition. Failure to comply with the provisions of section 122—2.1 renders the dismissal of a post-conviction petition void. *People v. Porter* (1988), 122 Ill. 2d 64, 86.

In *People v. Brothers* (1989), 179 Ill. App. 3d 788, the State filed a motion to dismiss the post-conviction petition three days after it was filed. At the hearing on the petition, the trial court considered the State's arguments in support of the motion to dismiss. We held that it was error for the court to consider the State's motion because the trial judge alone is to consider whether a post-conviction petition is frivolous or patently without merit in the absence of pleadings or input by the State. (*Brothers*, 179 Ill. App. 3d at 791.) We found that the court's consideration of the State's motion constituted noncompliance with the statutory requirements of section 122—2.1(a). (179 Ill. App. 3d at 791.) We therefore reversed the order of dismissal and remanded the cause. 179 Ill. App. 3d at 791.

■ In the instant case, less than two weeks after the post-conviction petition was filed the State filed a motion to strike the petition. The record indicates the trial court improperly considered the arguments presented in the State's motion to dismiss in determining whether the petition ought to have been dismissed. This input by the State was improper and constituted a failure to comply with section 122—2.1(a). Thus, under *Brothers* and *People v. Nelson* (1989), 182 Ill. App. 3d 1071, the dismissal order is void.

■ The State argues that we should remand the cause for consideration of the petition under section 122—2.1(a). Defendant argues that the cause should be remanded for further consideration in accordance with sections 122—4 through 122—6 of the Act. In *Brothers* we remanded the cause for consideration of the petition under section

122—2.1(a). (*Brothers*, 179 Ill. App. 3d at 791.) In *Nelson* we declined to follow that part of *Brothers* and instead remanded the cause for proceedings in accordance with sections 122—4 through 122—6 of the Act (*Nelson*, 182 Ill. App. 3d at 1074-75) because the petition was not dismissed within 30 days of its filing pursuant to section 122—2.1(a). Since the petition in the present case was not dismissed within 30 days of its filing pursuant to section 122—2.1(a), *Nelson* is controlling, and we therefore remand the cause for consideration of the petition under sections 122—4 through 122—6 of the Act.

The order of the circuit court of Lake County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

INGLIS and LINDBERG, JJ., concur.