THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RONNELL STROUD, Defendant-Appellant.

First District (5th Division)   No. 1—87—2601

Opinion filed April 27, 1990.

Lawrence D. O'Gara, of Chicago, for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Elizabeth Sklarsky, Special Assistant State's Attorney, and Inge Fryklund, Assistant State's Attorney, of counsel), for the People.

JUSTICE MURRAY delivered the opinion of the court:

Defendant Ronnell Stroud appeals from an order of the circuit court of Cook County dismissing his petition under the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1987, ch. 38, par. 122—1 *et seq.*). Pursuant to *People v. Porter* (1988), 122 Ill. 2d 64, 521 N.E.2d 1158, and *People v. Bostic* (1988), 173 Ill. App. 3d 428, 527 N.E.2d 1109, defendant contends that the order of dismissal is void because it was entered more than 30 days after the petition was filed. Ill. Rev. Stat. 1987, ch. 38, par. 122—2.1(a).

In November 1983, defendant was found guilty of armed robbery after a jury trial in the circuit court of Cook County and sentenced to 15 years of imprisonment. This court affirmed defendant's conviction on direct appeal in *People v. Stroud* (1985), 131 Ill. App. 3d 1163 (unpublished Rule 23 order). He subsequently filed a post-conviction petition through his attorney on January 7, 1987.

The petition was assigned to a trial judge on February 24, 1987. The State filed a motion to dismiss the petition on March 22, 1987. Following some continuances, the court held a hearing on June 22, 1987. The petition was dismissed based upon principles of *res judicata* and waiver. No formal order of dismissal is in the record, but the report of proceedings indicates the court found that "the petition does not raise any constitutional grounds within the purview of the Post-Conviction Act."

The State asserts that the petition was not summarily dismissed under section 122—2.1(a) of the Act, and therefore the 30-day requirement is not applicable. The State points to the facts that defendant was represented by counsel and that the court considered its motion to dismiss before dismissing the petition. Based upon the facts herein, the State contends that *People v. Porter* (1988), 122 Ill. 2d 64, 521 N.E.2d 1158, and *People v. Bostic* (1988), 173 Ill. App. 3d 428, 527 N.E.2d 1109, do not control.

■■ ■ We agree with the State. Section 122—2.1(a) of the Act allows a summary dismissal of a *pro se* petition but requires that the trial court act upon such petition and enter an order within 30 days after the *pro se* petition has been filed and docketed. (*People v. Porter* (1988), 122 Ill. 2d 64, 521 N.E.2d 1158.) If the petition is not dismissed under section 122—2.1(a), it must be docketed for further consideration in accordance with sections 122—4 through 122—6 of the Act. (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1(b); *People v. McNeal* (1989), 180 Ill. App. 3d 988, 536 N.E.2d 804.) Noncompliance with the 30-day requirement of section 122—2.1(a) renders a dismissal void. *People v. Kerney* (1988), 168 Ill. App. 3d 72, 522 N.E.2d 122.

■ The 30-day requirement of section 122—2.1(a) applies to *summary* dismissals. (*People v. Phillips* (1989), 183 Ill. App. 3d 417, 539 N.E.2d 804.) The *Phillips* court found that although the 30-day limitation in section 122—2.1(a) had expired, a dismissal order still could be entered. *Porter* only prohibits summary dismissals as described in section 122—2.1(a) beyond 30 days. The trial court may dismiss under section 122—5 beyond the 30-day requirement if the succeeding requisites of the Act have been met. *People v. Phillips* (1989), 183 Ill. App. 3d 417, 539 N.E.2d 804. See also *People v. Nelson* (1989), 182 Ill. App. 3d 1071, 538 N.E.2d 1303.

In the case at bar, the record shows a lack of a specific finding by the court that it was proceeding under section 122—2.1(b) of the Act. However, it is apparent that the court was proceeding in accordance with section 122—2.1(b) and not section 122—2.1(a) of the Act. Ill. Rev. Stat. 1987, ch. 38, par. 122—2.1(b).

■ Defendant was represented by counsel from the time the petition was filed. The State and defendant agreed to three continuances, and defendant obtained a continuance prior to the hearing on June 22, 1987. The State filed a motion to dismiss. A hearing was held at which defendant's attorney was present. The court reviewed the issues in the petition and found no constitutional grounds to grant defendant relief under the Act. These circumstances show the court was not making a *summary* dismissal of the petition as con-

templated under section 122—2.1(a). (Ill. Rev. Stat. 1987, ch. 38, par. 122—2.1(a).) The court was operating under the remaining provisions of the Act since the 30-day period for summary dismissal had expired and defendant was represented by counsel. The trial court may act on the State's motion to dismiss by granting it if it finds the motion meritorious and the petition frivolous. (*People v. Phillips* (1989), 183 Ill. App. 3d 417, 539 N.E.2d 804.) *Porter* holds that *summary* dismissal as provided in section 122—2.1(a) of the Act can be entered only within 30 days of the petition being docketed. *People v. Phillips* (1989), 183 Ill. App. 3d 417, 539 N.E.2d 804.

While the trial court could have been more explicit regarding the procedure being used under the Act as was the case in *People v. Phillips* (1989), 183 Ill. App. 3d 417, 539 N.E.2d 804, the record indicates that the court was proceeding pursuant to section 122—2.1(b) of the Act (Ill. Rev. Stat. 1987, ch. 38, par. 122—2.1(b)). The 30-day requirement for *summary* dismissal was not applicable to the instant case. *People v. Nelson* (1989), 182 Ill. App. 3d 1071, 538 N.E.2d 1303.

The judgment of the circuit court is affirmed. Pursuant to *People v. Nicholls* (1978), 71 Ill. 2d 166, 374 N.E.2d 194, we grant the State's request and assess defendant $50 for this appeal.

Affirmed.

COCCIA, P.J., and PINCHAM,* J., concur.

---

*Justice R. Eugene Pincham participated in the above-entitled cause, which was filed as a Rule 23 order prior to his resignation. An order to publish the Rule 23 as an opinion was filed February 1, 1990. Justice Pincham therefore remains as a participant in the opinion filed on April 27, 1990.