THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES F. RAMSEY, Defendant-Appellant.

Fourth District   No. 4—85—0118

Opinion filed October 22, 1985.—Rehearing denied November 7, 1985.

Daniel D. Yuhas and Timothy M. Gabrielsen, both of State Appellate Defender's Office, of Springfield, for appellant.

Carol A. Pope, State's Attorney, of Petersburg (Robert J. Biderman and Rebecca L. White, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WEBBER delivered the opinion of the court:

Defendant appeals from an order of the circuit court of Menard County which dismissed his post-conviction petition without an evidentiary hearing.

Defendant entered a plea of guilty to nine counts of residential burglary and one count of possession of burglary tools before Judge Lipe in the circuit court of Menard County. After denial of a motion to withdraw the plea, he was sentenced to 15 years' imprisonment on each count of residential burglary and one year's imprisonment for possession of burglary tools, all sentences to run concurrently. On direct appeal, the plea and sentences were affirmed. *People v. Ramsey* (1985), 135 Ill. App. 3d 1159 (Rule 23 order).

While the direct appeal was pending in this court, notice of appeal having been filed June 21, 1984, defendant filed *pro se* a petition for post-conviction relief (Ill. Rev. Stat., 1983 Supp., ch. 38, par. 122—1) on December 18, 1984. The petition was accompanied by motions for the appointment of counsel and for leave to proceed *in forma pauperis*. On the following day, December 19, 1984, Judge Lipe allowed the motions by separate written orders. As will be explained below, we find that these orders were erroneously entered.

On December 21, 1984, the chief judge of the circuit entered an order in accordance with section 122—8 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat., 1983 Supp., ch. 38, par. 122—8) (Code) assigning the cause to Judge Welch. Next, on December 28, 1984, the State's Attorney of Menard County filed a motion to dismiss the petition. As will also be explained, we find that this motion was erroneously filed.

Finally, on January 17, 1985, Judge Welch entered two orders: (1) finding that he must still proceed under section 122—2.1 of the Code (Ill. Rev. Stat., 1983 Supp., ch. 38, par. 122—2.1) notwithstanding the appointment of counsel by Judge Lipe; and (2) dismissing the petition under the same section as being patently without merit.

Our disposition of this case requires a brief resume of the substantial overhaul made in post-conviction proceedings by Public Act No. 83—942. Under the prior procedure (Ill. Rev. Stat. 1981, ch. 38, par.

122—1 *et seq.*), upon the filing of a petition with the circuit clerk, the cause was routinely docketed and counsel appointed if requested by petitioner; thereafter, the State was required either to move to dismiss or answer; if a motion to dismiss were denied, the State was then required to answer and the cause proceeded to hearing.

Public Act 83—942 added a significant section to the Code; *viz.*, section 122—2.1 (Ill. Rev. Stat., 1983 Supp., ch. 38, par. 122—2.1), which provides:

"(a) Within 30 days after the filing and docketing of each petition, the court shall examine such petition and enter an order thereon pursuant to this Section. If the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision. Such order of dismissal is a final judgment and shall be served upon the petitioner by certified mail within 10 days of its entry.

(b) If the petition is not dismissed pursuant to this Section, the court shall order the petition to be docketed for further consideration in accordance with Sections 122—4 through 122—6.

(c) In considering a petition pursuant to this Section, the court may examine the court file of the proceeding in which the petitioner was convicted, any action taken by an appellate court in such proceeding and any transcripts of such proceeding."

Other sections were amended to conform to the new procedure. Section 122—1 was amended to provide: "The clerk shall docket the petition for consideration by the court pursuant to Section 122—2.1 upon his receipt thereof and bring the same promptly to the attention of the court." Unlike the prior procedure where the clerk docketed the petition generally, he now dockets for the limited purpose set forth above, and does not docket generally unless so ordered by the court pursuant to section 122—2.1(b).

Section 122—4 (Ill. Rev. Stat., 1983 Supp., ch. 38, par. 122—4) was amended to provide that if the petition were not dismissed under section 122—2.1, then the court shall appoint counsel if requested and may allow the petitioner to proceed *in forma pauperis*. Section 122—5 (Ill. Rev. Stat. 1983, ch. 38, par. 122—5) was amended to provide that if the petition were docketed under section 122—2.1(b), then the State should either move to dismiss or answer.

Another significant section was added by Public Act 83—942, *viz.*, section 122—8 (Ill. Rev. Stat. 1983, ch. 38, par. 122—8), which provides:

"All proceedings under this Article shall be conducted and all petitions shall be considered by a judge who was not involved in the original proceeding which resulted in conviction."

The revised statutory scheme, effective November 23, 1983, the effective date of Public Act 83—942, is this: the clerk dockets a post-conviction petition for the limited purpose of an examination by a judge who was not involved in the original proceedings and calls it to the attention of the judge; that judge examines the petition *inops consilii* without input by either the petitioner or the State; he can take one of two actions: (1) he may dismiss it as frivolous or patently without merit, in which case his order is appealable; or (2) he may order it docketed for further consideration as provided in the remainder of the statute.

■ When the revised statutory mandates are applied to the instant case, it is readily seen that Judge Lipe's orders of December 19, 1984, were a nullity. In the first place, he was barred from taking any action since he had presided over the petitioner's plea proceedings (*People v. Alexander* (1985), 136 Ill. App. 3d 1047). Secondly, no appointment of counsel nor leave to proceed *in forma pauperis* can be had until it is determined whether the petition will not be dismissed under section 122—2.1(a), and Judge Lipe was statutorily barred from making that determination.

Petitioner has argued that Judge Lipe's actions in appointing counsel and granting leave to proceed as a pauper carry the inference that he believed the petition had merit. The short answer is that Judge Lipe could not make such a determination, and in any event his orders do not indicate that he was proceeding under section 122—2.1(a). Rather, it appears that he was following the practice under the former statute.

■ We are also of the opinion that the State's motion to dismiss is also a nullity. It asked the court to dismiss under section 122—2.1, but there is no statutory provision for such a motion. The petition is to be considered in the first instance by the assigned judge *inops consilii* without pleadings from either side. Only after the petition has passed the first examination by the judge is the State allowed to file pleadings within the time limits set forth in section 122—5 of the Code. Ill. Rev. Stat. 1983, ch. 38, par. 122—5.

■ We turn next to Judge Welch's orders of January 17, 1985. We regard the order by which he found that he might proceed notwithstanding Judge Lipe's orders to be superfluous. As has already been explained, those orders were statutorily defective and a nullity.

The companion order of January 17, 1985, is the subject of this

appeal. In substance, it dismissed the petition as being patently without merit.

Petitioner's sole contention was that of ineffective assistance of counsel. It was based on two allegations: (1) that his appointed counsel at the plea proceedings advised him that if he did not plead guilty, he would certainly receive a 30-year prison term after trial; and (2) appointed counsel failed to investigate the character and reputation of the State's principal witness and the character of her acquaintances.

■ We believe that the contention has been waived. Waiver, in the context of a guilty plea, is often difficult to assess. If there is no direct appeal, and if the same counsel prepares and argues the motion to withdraw the plea under Supreme Court Rule 604(d) (87 Ill. 2d R. 604(d)), a reviewing court has little information upon which to make a determination. It is unlikely, although not unheard of, that counsel will admit his ineffective assistance or incompetency. The trial court is in the same situation when the post-conviction petition is heard by another judge who was not present at the plea proceedings. Of course, if a trial record is presented, counsel's performance is easier to observe by both the trial and the reviewing courts.

In this case the petitioner had a prior opportunity to raise the issue. An examination of the Rule 23 order emanating from petitioner's direct appeal indicates that only two issues were raised: (1) extended term and (2) consecutive sentences. That order also indicates that petitioner had different counsel on his motion to withdraw his plea. The question of effective assistance of counsel could have been raised at that time, but it was not. Different counsel at the motion to withdraw could have raised the issue without embarrassment. See *People v. Carmickle* (1981), 97 Ill. App. 3d 917, 424 N.E.2d 78.

Even if we were to ignore the substantial question of waiver in this case, the result would not be different.

■ The petition is conclusory and unaccompanied by any affidavit other than defendant's own affidavit attesting to the statements made in the post-conviction petition. When a defendant attacks the effective representation of counsel for failing to investigate or contact a potential witness, he must attach an affidavit of the witness to his post-conviction petition and explain the significance of the witness' testimony. (*People v. Carmickle* (1981), 97 Ill. App. 3d 917, 424 N.E.2d 78; see also *People v. Carrion* (1974), 21 Ill. App. 3d 195, 315 N.E.2d 251 (post-conviction petition properly dismissed where petitioner failed to supply any affidavits, depositions, or other evidence in support of the petition other than petitioner's own affidavit).) Even though defendant's petition attempted to show the poor reputation of the State's

witness and her acquaintances, such character evidence was of little value, even assuming that it were true that she would have been the State's only witness had there been a trial. Whether failure to investigate is incompetence depends upon the value of the evidence which might have been obtained and the closeness of the case. *People v. Reed* (1980), 84 Ill. App. 3d 1030, 405 N.E.2d 1065.

■ Petitioner has also raised the question of compliance with Supreme Court Rule 651(c) (87 Ill. 2d R. 651(c)), which requires a certificate from appointed counsel in a post-conviction appeal that he has consulted with the defendant and has made any amendments necessary to a proper presentation of the issues. No such certificate appears in the record, but since we have held that the appointment of counsel was a nullity, no certificate is required.

The order of the circuit court of Menard County is affirmed.

Affirmed.

GREEN, P.J., and MORTHLAND, J., concur.