THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHARLES EDWARD DAY, Defendant-Appellant.

First District (5th Division)   No. 85—1562

Opinion filed February 20, 1987.

Steven Clark and Gordon H. Berry, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Kenneth T. McCurry, and Scott Norris, Assistant State's Attorneys, of counsel), for the People.

JUSTICE MURRAY delivered the opinion of the court:

In 1977, after a jury trial, defendant Charles Day and a codefendant were convicted of attempted armed robbery and murder. Day was sentenced on the murder conviction to a term of 40 to 65 years, and his codefendant received a term of 50 to 75 years. Both defendants appealed their convictions to this court, and we affirmed the trial court's judgment (*People v. Day* (1979), 76 Ill. App. 3d 571, 394 N.E.2d 1378). Day subsequently filed a *habeas corpus* petition in

the United States District Court for the Northern District of Illinois. That court denied the petition, and the United States Court of Appeals for the Seventh Circuit affirmed. On September 13, 1983, Day filed a *pro se* petition in the circuit court of Cook County for post-conviction relief. The State filed a motion to dismiss and, on March 22, 1985, the trial court granted the motion and dismissed Day's petition.[1] Day appeals from this dismissal.

Day raises a number of issues on appeal. He first argues that the trial court erred in not granting him an evidentiary hearing upon his petition or in failing to require the State to answer, or both, based on the allegations contained in his petition alleging the incompetency of the public defender who represented him in his initial trial. Specifically, Day alleged that his counsel ignored his request to investigate the "fact" that a key witness of the State had been confined in a State mental institution and that the public defender mistakenly thought a continuance would not break his statutory right to a speedy trial. He also argues that the trial court erred in denying his request for appointment of a bar association attorney in light of his charges concerning the incompetency of his public defender in his original trial and that this error was compounded by the trial court's further error in discharging his public defender and failing to appoint substitute counsel or to allow him to be present when the court made its ruling on his *pro se* petition. Day also contends that part of his *pro se* proceeding should be governed by the amendments to the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1985, ch. 38, par. 122–1 *et seq.*) which became effective shortly after his petition was filed. Finally, Day contends that if this court remands this matter to the trial court, he "should still have the right to counsel, because his allegations pertain to matters *dehors* the record, are not merely an expression of a desire for post-conviction review, and cannot be said to be 'frivolous' or 'patently without merit' under the new post-conviction statute." For the reasons set forth below, this court must reverse and remand for further proceedings.

■■ We find that the recently amended Post-Conviction Hearing

---

[1]The record reveals that the trial court notified defendant of the hearing date by letter and advised him as follows: "The Court will rule on the motion of the State to dismiss your petition, and since the Court will consider only the contents of the petition and the Motion to Dismiss, it is not necessary for you, or the State for that matter, to be present. The Court will not consider any matter outside the four corners of the petition, and the Motion to Dismiss will be decided only from a legal basis or a question of law." The State was represented at the hearing, but the court did not allow its attorney to orally argue the motion to dismiss.

Act, effective November 23, 1983, is dispositive of the instant appeal. Under well-settled principles of statutory law, where an amendment to a provision is procedural in nature, it may be given retroactive application. (*People v. Ward* (1984), 124 Ill. App. 3d 974, 464 N.E.2d 1144.) In our opinion, the amendments pertinent to the instant case are procedural in nature and control proceedings pending after the November 23, 1983, effective date. Here, Day's petition was pending after the effective date; the trial court did not enter its order of dismissal until March 22, 1985. Accordingly, the amended Act controlled disposition of his petition.

The amended provisions applicable here require a trial court, within 30 days of docketing of a post-conviction petition, to examine it and determine whether it is "frivolous or is patently without merit." (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1(a).) If the court determines it is frivolous or patently without merit, the court "shall" dismiss the petition in a written order,[2] "specifying the findings of fact and conclusions of law it made in reaching its decision." (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1(a).) If the court does not dismiss the petition, section 122—2.1(b) of the Act requires that the petition be docketed for further consideration. (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1(b).) Other provisions provide for the appointment of counsel in cases where a defendant is unable to pay costs or attorney fees (Ill. Rev. Stat. 1985, ch. 38, par. 122—4) and provide for the timely filing of a motion to dismiss or answer by the State, amendment, or repleading (Ill. Rev. Stat. 1985, ch. 38, par. 122—5) after a court has first determined the petition is not frivolous or patently without merit and it has been docketed for further consideration. Sections 122—6 and 122—7 provide for disposition of the petition by the trial court and review of that disposition pursuant to the rules of the supreme court, respectively. Ill. Rev. Stat. 1985, ch. 38, pars. 122—6, 122—7.

■ In light of the above provisions, resolution of the issues of whether Day was entitled to an evidentiary hearing or the State should have been required to answer was dependent upon a determination by the trial court as to whether Day's petition was frivolous or patently without merit pursuant to the amended Act. The additional issues raised by Day concerning appointment of counsel other than a public defender and his right to be present at the hearing on

---

[2]In *People v. Cox* (1985), 136 Ill. App. 3d 623, 483 N.E.2d 422, this court held that the requirement of written findings of fact and conclusions of law is directory, rather than mandatory.

his *pro se* petition similarly could not be resolved without consideration of the provisions of the amended Act. We find, however, that the trial court did not follow the post-conviction procedures of the amended Act in effect when its final order was entered, but instead rendered its decision based on the law in effect at the time the petition was filed. First, it is obvious that the court did not make a determination, within 30 days after the effective date of the Act, as to whether Day's pending petition was frivolous or patently without merit; the court did not consider Day's petition until March 22, 1985, when it entered its order of dismissal.

■ Moreover, we note that the trial court improperly considered the State's motion to dismiss in conjunction with its ruling on defendant's petition. Pursuant to section 122—2.1(a) of the Act, a post-conviction petition is to be considered in the first instance by the assigned judge without pleadings from either side, and only after the petition has passed the first examination by the judge may the State file pleadings within the time set forth in section 122—5. (*People v. Ramsey* (1985), 137 Ill. App. 3d 443, 484 N.E.2d 555; see also *People v. Alexander* (1985), 136 Ill. App. 3d 1047, 483 N.E.2d 1039 (trial judge alone must consider whether a post-conviction petition is frivolous or patently without merit in view of relevant court files; the State is to have no input with regard to the circuit court decision at this stage of the proceedings).) Since no provision exists under the Act for filing a motion to dismiss at this preliminary stage, the State's motion was, therefore, a nullity. See *People v. Ramsey* (1985), 137 Ill. App. 3d 443, 484 N.E.2d 555.

Secondly, the trial court failed to enter *either* a verbal or written order specifying findings of fact and conclusions of law made in reaching its decision. Instead, the court merely orally stated that it adopted as a basis for its dismissal of Day's petition the arguments advanced by the State in its motion to dismiss, *i.e.*, Day's allegations did not raise issues of constitutional dimension, his contentions consisted of "bare allegations," and the doctrine of *res judicata* and waiver applied because of his direct appeal. Even had we not determined above that the State's motion to dismiss was a nullity, we still would find these generalized reasons lack the specificity intended by the requirement of section 122—2.1(a). In fact, such general reasons amounted to mere allegations by the State without a record of considered analysis by the court. In addition, we further note that although in *People v. Cooper* (1986), 148 Ill. App. 3d 412, summary dismissal without written findings pursuant to section 122—2.1(a) (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1(a)) was held not to constitute

reversible error, that case is distinguishable from the case before us. In *Cooper*, unlike the circumstances here, the court found that the "written order" provision was inapplicable because counsel had been appointed, a supplemental petition had been prepared and filed by appointed counsel, and the parties presented and argued their respective positions in two hearings. Here, the trial court not only did not enter a written order specifying the facts and conclusions of law it relied upon it in making its decision, it also did not enter a verbal order to that effect, nor was defendant represented by counsel.

■■ We further observe that we cannot, as defendant argues, make a determination as to whether or not his petition is frivolous or patently without merit. We agree with the State that we do not have jurisdiction to do so. Jurisdiction to determine whether Day's petition is frivolous or patently without merit is vested in "the court in which the conviction took place." (Ill. Rev. Stat. 1985, ch. 38, par. 122—1.) Day's conviction took place in the circuit court of Cook County, not in this court. Moreover, we note that the amendments to the Act are serious procedural provisions. They were designed to expeditiously weed out frivolous or meritless post-conviction petitions and to clarify procedures with respect to petitions that have merit. A determination of the merit of a post-conviction petition for relief by this court would not only result in assuming a function specifically ascribed to the trial court by the legislature, but would also result in sabotaging the purpose of this provision—expeditious disposition of both the frivolous and nonfrivolous petitions.

■■ We also reject as untimely Day's request that this court remand this matter with directions that counsel be appointed to represent him. Under section 122—4 of the Act, Day is entitled to counsel only if his petition is not dismissed as frivolous or patently without merit (Ill. Rev. Stat. 1985, ch. 38, pars. 122—4, 122—2.1(a)) and if the trial court is satisfied, pursuant to his request for appointment of counsel, that he is without means to procure counsel to represent him (Ill. Rev. Stat. 1985, ch. 38, par. 122—4).

■■ Finally, Day's argument that the court erred in failing to transfer his cause to a judge other than the judge who presided at his underlying criminal proceeding must also be rejected. Although such a transfer was required by amendment to the Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—8), such provision has been held an unconstitutional encroachment by the legislature on judicial powers under the separation of powers clause of the Illinois Constitution of 1970. See *People v. Joseph* (1986), 113 Ill. 2d 36,495 N.E.2d 501.

For the foregoing reasons, the order of the trial court dismissing

defendant's petition is reversed and the cause remanded with directions that the trial court proceed in accordance with the provisions of the Post-Conviction Hearing Act, as amended (Ill. Rev. Stat. 1985, ch. 38, par. 122—1 *et seq.*).

Reversed and remanded, with directions.

SULLIVAN, P.J., and LORENZ, J., concur.