THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LARRY JACKSON, Defendant-Appellant.

First District (3rd Division)   No. 86—1145

Opinion filed September 14, 1988.—Modified on denial of rehearing November 16, 1988.

Daniel J. Stohr, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Renee G. Goldfarb, and Margaret M. Regan, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RIZZI delivered the opinion of the court:

Defendant, Larry Jackson, was convicted of robbery and sentenced to three years in the Illinois Department of Corrections. No direct appeal was taken from defendant's conviction. However, defendant filed a petition for post-conviction relief that was denied as meritless. It is from the denial of this petition without the benefit of an evidentiary hearing that this appeal is taken.

Defendant first argues that the circuit court's order dismissing his petition without a hearing must be reversed because the summary disposition procedure authorized by the Post-Conviction Hearing Act (Act) was not utilized within the mandatory 30-day period set forth in the statute. (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1(a).) We agree.

The recent Illinois Supreme Court case of *People v. Porter* (1988), 122 Ill. 2d 64, 521 N.E.2d 1158, is dispositive of the issue raised by defendant. In *Porter*, our supreme court held that the dismissal of a post-conviction petition as meritless or frivolous must take place within 30 days after the filing of the petition. Because this provision is mandatory rather than directory, failure to comply with the 30-day rule requires that the post-conviction petition be docketed for further consideration. 122 Ill. 2d 64, 85-86, 521 N.E.2d 1158, 1166-67.

We note that it is the State's position that defendant's petition was dismissed pursuant to a motion filed by the State under section 122—5. (Ill. Rev. Stat. 1985, ch. 38, par. 122—5.) The State argues that because *Porter* only applies to petitions dismissed pursuant to section 122—2.1(a), it is inapplicable to the case at bar. Based

upon our review of the record, we find that it does not support the State's assertions.

Under the requirements of section 122—2.1, a judge must initially examine the petition without input by either the petitioner or the State. Once he has done so, he may (1) dismiss the petition as frivolous or patently without merit or (2) order the petition docketed for further consideration as provided for in the statute. Thus, if the State files a motion to dismiss prior to an independent determination by the judge that the petition is either meritless or should be docketed for further consideration, that petition is a nullity. (*People v. Ramsey* (1985), 137 Ill. App. 3d 443, 447, 484 N.E.2d 555, 558.) Only after the petition has passed the first examination by the judge is the State allowed to file pleadings.

In the instant case, defendant filed his petition on January 2, 1986. In March, the State filed a motion to dismiss. Defendant's petition was dismissed as meritless on April 28, 1986. There is no indication in the record that any orders were entered by the judge on defendant's petition within 30 days following the initial filing date. Thus, in the absence of any evidence to the contrary, we are bound to find that (1) where no initial independent examination by the judge is evidenced by the record, the State's motion to dismiss had no effect and (2) defendant's petition was not dismissed in compliance with the mandates of *Porter*.

Accordingly, we reverse the court's judgment and remand this cause for further proceedings in accordance with sections 122—4 through 122—6 of the Act. Ill. Rev. Stat. 1985, ch. 38, pars. 122—4, 122—5, 122—6.

Reversed and remanded.

McNAMARA and FREEMAN, JJ., concur.