THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DENNIS L. NOVAK, Defendant-Appellant.

Fourth District   No. 4—90—0090

Opinion filed July 26, 1990.

190

Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield, for appellant.

Scott H. Walden, State's Attorney, of Quincy (Kenneth R. Boyle, Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

On December 26, 1989, defendant Dennis Novak filed a *pro se* petition pursuant to the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1989, ch. 38, pars. 122—1 through 122—8) in the circuit court of Adams County. On January 3, 1990, the State filed a motion to dismiss. On January 23, 1990, a hearing was held with only the State present, and the court, granting the motion, dismissed defendant's petition. Defendant appeals, alleging this procedure violates the requirement of the Act. The State now agrees. We reverse and remand.

■ The Act sets forth the procedure to be used in evaluating claims of defendants for post-conviction relief. First, the petition is docketed for the limited purpose of an examination by a judge, who must then take one of two actions: (1) he may dismiss it as "frivolous" or "patently without merit" (Ill. Rev. Stat. 1989, ch. 38, par. 122—2.1(a)(2)), in which case the order is appealable; or (2) he may order it docketed for further consideration as provided for in the succeeding sections of the statute. However, in initially examining the petition, the judge must do so *inops consilii*, that is, without input by the State or further pleadings from the petitioner. (*People v. Ramsey* (1985), 137 Ill. App. 3d 443, 447, 484 N.E.2d 555, 557.) There also can be no appointment of counsel or leave to proceed *in forma pauperis* until it is determined that the petition will not be dismissed under section 122—2.1(a). *Ramsey*, 137 Ill. App. 3d at 447, 484 N.E.2d at 557-58.

■ It is only if the petition survives this initial examination that the State may then file pleadings in response within the confines of section 122—5. (*People v. Cooper* (1986), 142 Ill. App. 3d 223, 225-26,

491 N.E.2d 815, 816; *Ramsey*, 137 Ill. App. 3d at 447, 484 N.E.2d at 558.) A motion to dismiss filed by the State prior to the court having made the initial determination as to the frivolousness of the petition is a nullity. (*Ramsey*, 137 Ill. App. 3d at 447, 484 N.E.2d at 558.) Thus, any order granting such an improperly filed motion has no effect. *People v. Brothers* (1989), 179 Ill. App. 3d 788, 791, 535 N.E.2d 45, 47-48; *People v. Jackson* (1988), 176 Ill. App. 3d 15, 17, 530 N.E.2d 993, 994; *People v. Day* (1987), 152 Ill. App. 3d 416, 420, 504 N.E.2d 979, 981.

■ In the present case, it is clear the court skipped the determination required by section 122—2.1(a) and proceeded to dismiss the petition pursuant to the State's motion. It is equally clear that, due to the failure to make this initial determination, the order to dismiss is invalid and has no impact. We must, therefore, as requested by both parties, reverse and remand for compliance with the procedures mandated by the Act.

Reversed and remanded.

SPITZ and McCULLOUGH, JJ., concur.