THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PIOTR RUTKOWSKI, Defendant-Appellant.

Second District No. 2—91—0381

Opinion filed March 11, 1992.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Daniel M. Kirwan, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

James E. Ryan, State's Attorney, of Wheaton (Stephen E. Norris, Kenneth R. Boyle, and Debra A. Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, Piotr Rutkowski, appeals from the dismissal of his *pro se* post-conviction petition by the circuit court of Du Page County. We have jurisdiction pursuant to section 122—7 of the Post-Conviction

Hearing Act (Act) (Ill. Rev. Stat. 1989, ch. 38, par. 122—7) and Supreme Court Rule 651 (134 Ill. 2d R. 651). The sole issue on appeal is whether the trial court erred by considering the State's motion to strike the post-conviction petition during the 30-day period in which the court is to determine, without input from the parties, whether the petition has merit. We reverse and remand.

Defendant was found guilty of the July 13, 1983, murder of Frederick Thode and sentenced to 22 years' imprisonment. We affirmed the conviction in *People v. Rutkowski* (1986), 141 Ill. App. 3d 713. Defendant filed his first post-conviction petitions in 1987 which were dismissed without an evidentiary hearing. We affirmed the dismissal in *People v. Rutkowski* (1989), 181 Ill. App. 3d 1120 (unpublished order under Supreme Court Rule 23).

On February 25, 1991, defendant filed a second amended post-conviction petition *pro se*. The State made an oral motion to strike the petition on March 20, 1991. On March 22, 1991, the trial court dismissed defendant's second amended post-conviction petition as being frivolous and without merit. Defendant filed a timely appeal on April 3, 1991.

Defendant contends that the trial court erred by considering the State's oral motion to strike before independently determining that defendant's petition was frivolous and lacked merit. Defendant seeks reversal of the trial court's order dismissing the petition and a remand for further proceedings pursuant to sections 122—4 through 122—6 of the Act. Ill. Rev. Stat. 1989, ch. 38, pars. 122—4 through 122—6.

The State contends that its oral motion to strike concerned primarily the procedural matter of required supporting affidavits and was not a motion attacking the substance of the petition. The State also contends that defendant was represented by counsel at the hearing, so defendant suffered no prejudice when the State presented the motion.

Section 122—2.1 of the Act states, in pertinent part:

"(a) Within 30 days after the filing and docketing of each petition, the court shall examine such petition and enter an order thereon pursuant to this Section.

***

(2) If the petitioner is sentenced to imprisonment and the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision. ***

(b) If the petition is not dismissed pursuant to this Section, the court shall order the petition to be docketed for further consideration in accordance with Sections 122—4 through 122—6." Ill. Rev. Stat. 1989, ch. 38, pars. 122—2.1(a)(2), (b).

The requirement that the written order specify the findings of fact and conclusions of law is directory rather than mandatory. (*People v. Porter* (1988), 122 Ill. 2d 64, 82-83.) However, the requirement that the court enter a written order of dismissal within 30 days after filing is a mandatory requirement. (*Porter*, 122 Ill. 2d at 85.) "A trial judge alone is to consider whether a petition for post-conviction relief is frivolous or patently without merit in the absence of pleadings *or input from either side*." (Emphasis added.) (*People v. Brothers* (1989), 179 Ill. App. 3d 788, 791.) Dismissal of the post-conviction petition is void if the trial court fails to comply with the provisions of section 122—2.1. *People v. Magdaleno* (1989), 188 Ill. App. 3d 384, 386.

In *Magdaleno*, the State filed a motion to strike less than two weeks after the post-conviction petition was filed. This court held that the record indicated that the judge improperly considered the State's arguments in dismissing the petition, thus making the dismissal void. The situation in the case at hand is strikingly similar. At the March 20 hearing, the State orally moved to strike the petition. The State argued that defendant had not presented an affidavit to prove that a psychiatrist, who testified at defendant's trial, was not properly licensed. The trial judge heard the State's arguments and said "[w]e will set this matter for this Friday, March 22, at 9:00 o'clock, for decision." The record reflects that the trial court considered the State's arguments of March 20, 1991, when rendering its decision on March 22, 1991. We hold that the trial court violated the provisions of section 122—2.1, rendering the dismissal of defendant's post-conviction petition void.

The State's argument that its motion to strike concerned primarily a procedural matter does not negate the fact that the trial court is to consider whether the petition is frivolous or patently meritless without input from either side. Even though a written motion was not filed, the State had oral input concerning defendant's petition. Also, the State's claim that defendant suffered no prejudice because he was represented by counsel at the March 20 hearing is tenuous. Defendant correctly states that neither an appointment of counsel nor a Supreme Court Rule 651(c) certificate (134 Ill. 2d R. 651(c)) appears in the record to support the State's claim that defendant had representation at the March 20 hearing. The mere presence of the Du Page County public defender on March 20 does not mean that defendant was repre-

sented by an attorney safeguarding his interest. As stated in *People v. Alexander* (1985), 136 Ill. App. 3d 1047, 1052:

> "[I]t could not have been the legislative intent to sanction *ex parte* hearings of the type which were held in the case at bar prior to dismissal of [defendant's] petition. Rather, at this preliminary stage of the proceedings, the trial judge alone must consider the petition in view of the relevant court files. The State is to have no input with regard to the circuit court decision at this stage of the proceedings."

The March 20 hearing was equivalent to the *ex parte* hearing that occurred in *Alexander*. Instead of a hearing, the judge was to evaluate the frivolity of the petition based on the court files.

Because the trial court's dismissal of defendant's petition is reversed, the case must be remanded for further proceedings. Defendant asks this court to remand for further consideration pursuant to sections 122—4 through 122—6 of the Act, citing, among other cases, *Magdaleno*. However, in *Magdaleno*, the case was remanded for substantive consideration of the petition under sections 122—4 through 122—6 because there was no *written* order dismissing the petition. Here, the court issued a written order dismissing the petition as frivolous and without merit.

In *Brothers*, we remanded for further determination as to the frivolity of the defendant's petition pursuant to section 122—2.1(a) of the Act. However, *Brothers* is also distinguishable because the trial court never made a determination that the petition was frivolous, as the trial judge did here. The trial judge in *Brothers* granted the State's motion to dismiss the petition. In a subsequent decision, *People v. Nelson* (1989), 182 Ill. App. 3d 1071, we held that the trial court lost authority to dismiss the petition by failing to rule on the petition within 30 days of its filing. The cause was remanded for further proceedings pursuant to sections 122—4 through 122—6 of the Act.

We agree with defendant's claim that the situation at hand is analogous to *Magdaleno* and *Nelson*. In effect, defendant would have no remedy for the court's procedural violation if we were to remand and allow the trial court to again determine that the petition was frivolous and without merit. Section 122—2.1(b) states that the petition shall be docketed for further consideration in accordance with sections 122—4 through 122—6 if the petition is not dismissed pursuant to section 122—2.1. We hold that since the petition was improperly dismissed pursuant to section 122—2.1, section 122—2.1(b) applies and the case should be continued in accordance with sections 122—4 through 122—6 of the Act.

For the foregoing reasons, the order of the circuit court of Du Page County is reversed, and this cause is remanded with directions that the court docket the petition for consideration in accordance with sections 122—4 through 122—6 of the Act.

Reversed and remanded with directions.

UNVERZAGT and GEIGER, JJ., concur.