THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DEBORAH OURY, Defendant-Appellant.

Second District   No. 2—92—1057

Opinion filed March 24, 1994.—Rehearing denied April 29, 1994.

G. Joseph Weller and Patrick M. Carmody, both of State Appellate Defender's Office, of Elgin, for appellant.

David R. Akemann, State's Attorney, of St. Charles (William L. Browers, Robert J. Biderman, and Norbert J. Goetten, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GEIGER delivered the opinion of the court:
In this appeal, the defendant, Deborah Oury, contends that it was error for the trial court to dismiss her post-conviction petition as frivolous and patently without merit. (See 725 ILCS 5/122—2.1(a) (West 1992).) She argues that her petition sufficiently raised a substantial violation of a constitutional right where her trial counsel failed to move for a new fitness hearing just prior to her trial, the defendant had spent the three months prior to her trial in a mental health hospital, and the court was aware of her mental illness. Because the trial court failed to follow the statutory procedure specified in section 122—2.1(a) of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—2.1(a) (West 1992)), we conclude after careful examination of the record that the court's order dismissing the defendant's petition is void and the cause must be remanded for further proceedings consistent with the views expressed herein.

In an indictment filed on June 27, 1989, the defendant was charged with home invasion (Ill. Rev. Stat. 1989, ch. 38, par. 12—11(a)(1) (now 720 ILCS 5/12—11(a)(1) (West 1992))), armed robbery (Ill. Rev. Stat. 1989, ch. 38, par. 18—2(a) (now 720 ILCS 5/18—2(a) (West 1992))), and criminal damage to property (Ill. Rev. Stat. 1989, ch. 38, par. 21—1(a) (now 720 ILCS 5/21—1(a) (West 1992))). The record shows that the defendant had a long history of substance abuse

and personality or mental health problems. On September 28, 1989, an order was entered finding the defendant fit to stand trial or plead based on the parties' stipulation to the reports of the examining psychiatrist and psychologist of the Kane County Diagnostic Center. On November 30, 1989, and December 8, 1989, the court entered orders transferring the defendant to the Elgin Mental Health Center (EMHC). The charges were dismissed and were to be reinstated pending the defendant's release from the EMHC. An unrelated charge remained pending, and a hold or detainer was placed on the defendant.

On March 16, 1990, the defendant appeared with counsel before Judge Barry Puklin. The court was advised that the defendant had been in the EMHC for treatment until that time. The State indicated that it wished to proceed to trial, and the defendant executed a jury trial waiver. The matter was set for a bench trial on May 10, 1990. In the bench trial before Judge Puklin, the defendant was found guilty of the three charges and was later sentenced to a 10-year term of imprisonment on the charge of home invasion. No post-trial motion was filed.

Following a direct appeal to this court, appointed counsel, a panel attorney for the office of the State Appellate Defender, filed a motion to withdraw as appellate counsel pursuant to *Anders v. California* (1967), 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396, and *People v. Jones* (1967), 38 Ill. 2d 384. Appellate counsel raised three potential appellate issues: (1) whether the defendant was found guilty beyond a reasonable doubt; (2) whether the 10-year sentence was excessive; and (3) whether trial counsel was ineffective for failing to file a post-trial motion raising the first two issues. In his motion, appellate counsel concluded that there was no issue meriting appeal. This court entered an order granting appellate counsel's motion to withdraw and affirmed the judgment of the trial court. *People v. Oury* (1991), 212 Ill. App. 3d 1109 (unpublished order under Supreme Court Rule 23).

On or after May 4, 1992, the defendant filed a *pro se* post-conviction petition claiming, among other things, that she was denied the due process of law because of the failure to show that she was fit for trial when she returned from the EMHC. On May 12, 1992, Judge Puklin granted the defendant leave to sue as a poor person, appointed the public defender to represent the defendant, and set May 18, 1992, for a hearing to determine whether the petition was frivolous or patently without merit on its face. Assistant Public Defender Regina Harris was assigned to the defendant's case and received, prior to May 18, the State's motion to strike the defendant's petition as

lacking in form and substance and failing to state any claim upon which relief could be granted.

According to the pleadings, on May 18, 1992, Ms. Harris appeared on behalf of the defendant and pointed out that under the Act, it was the duty of the trial court itself to decide at this stage whether the petition was frivolous or meritless without input from either the State or defense counsel. However, under the circumstances, appointed counsel felt compelled to respond to the State's motion to strike. The record indicates that, because of the trial court's perceived uncertainty as to the current state of the law concerning the appointment of counsel when a *pro se* petition is filed, the court expressed its preference to decide with the benefit of counsel's argument whether the petition was frivolous or patently without merit. (The court's comments suggested that it regularly appoints counsel immediately after the filing of *pro se* petitions.)

On May 18, 1992, after hearing the arguments of the State and of appointed defense counsel, the court granted the State's motion to strike and dismissed the petition as frivolous and patently without merit under section 122—2.1(a) of the Act. On June 17, 1992, defense counsel filed a motion to reconsider the May 18 ruling. The defendant argued that, although the petition was perhaps unartfully drawn, there were sufficient facts alleged to state a constitutional claim so as to withstand the dismissal of the petition at this stage of the proceeding. Following the arguments of the parties and an examination of the record and considering its recollection of the proceedings, the trial court concluded that, on its face, the allegations in the petition were insufficient to state a claim that she was unfit to stand trial. However, the court did remark, "The petition that she's filed, which is only accompanied by her affidavit that it's true, sets out information that maybe it—maybe if it were true, might show she was unfit." The court also noted that the allegations were otherwise unsupported by affidavits from medical personnel or others who would lend credence to her allegations of unfitness. The defendant's motion to reconsider was denied, and this timely appeal followed.

The defendant argues on appeal that it was reversible error for the trial court to dismiss her petition because the petition supported by the defendant's affidavit and the trial record sufficiently raise a substantial constitutional deprivation requiring an evidentiary hearing. The petition included, among other things, an allegation that the defendant received the ineffective assistance of counsel for failing to move for a new determination of her fitness to stand trial following her release from the EMHC where she had a "breakdown." The defendant claims that her *pro se* petition alleged at least

minimally sufficient facts to withstand dismissal at this stage of the proceeding, citing *People v. Von Perbandt* (1991), 221 Ill. App. 3d 951, 954-55.

We do not reach the merits of the appeal because of the procedural posture of this cause at the time the ruling was made. Although the parties have not raised this issue on appeal, defense counsel did point out to the trial court that it was the court's duty alone to decide initially whether the petition was frivolous or patently without merit without the further input from counsel. Defense counsel was correct in her observation to the court. Our analysis of the case persuades us that, because of this procedural error, the order of the trial court dismissing the petition must be deemed null and void and the cause must be remanded for further proceedings. We endeavor here to clarify any uncertainty regarding the procedural law to be applied in such a proceeding.

Some 10 years ago, the legislature amended the Act by adding section 122—2.1 to provide that, without further input from the State or further pleadings from the defendant, the trial court was to determine whether a defendant's petition was frivolous or patently without merit. (*People v. Lemons* (1993), 242 Ill. App. 3d 941, 944.) The procedure was designed to expedite the consideration of post-conviction petitions whether frivolous or not. (*People v. Day* (1987), 152 Ill. App. 3d 416, 421.) A post-conviction proceeding presently has three stages. In the first stage (within 30 days of the filing of the defendant's petition which was in effect for this defendant), the trial court is not to decide the petition on the merits; instead, without input from the State or further pleadings from the defendant, the court simply determines if the petition on its face is frivolous or patently without merit. (*Lemons,* 242 Ill. App. 3d at 944.) While the "petitioner must set forth the specific manner in which his rights were violated" (*People v. Porter* (1988), 122 Ill. 2d 64, 74), in order to withstand dismissal at this stage, a petition " 'need only contain a simple statement which presents the gist of a claim for relief which is meritorious when considered in view of the record of the trial court proceedings.' " (*Lemons,* 242 Ill. App. 3d at 944, quoting *People v. Dredge* (1986), 148 Ill. App. 3d 911, 913; see Ill. Rev. Stat. 1991, ch. 38, par. 122—2.1 (now codified, as amended, at 720 ILCS 5/122—2.1 (West 1992) (now provides for a 90-day initial review period, effective January 1, 1993)).) In support of the petition, the statute provides that the defendant must attach "affidavits, records, or other evidence supporting its allegations" or the petition "shall state why the same are not attached." Ill. Rev. Stat. 1991, ch. 38, par. 122—2 (now 725 ILCS 5/122—2 (West 1992)).

As our supreme court has recently pointed out, in the first stage, it is the court which determines initially whether the proceedings should go forward or end, and the Act makes no provision for the appointment of counsel until after that determination has been made. (*People v. Davis* (1993), 156 Ill. 2d 149, 163.) The initial review of the petition must be made alone by the court *inops consilii*, that is, without input from the State or further pleadings from the petitioner. (*People v. Jett* (1991), 211 Ill. App. 3d 92, 95; *People v. Novak* (1990), 200 Ill. App. 3d 189, 190; see *People v. Rutkowski* (1992), 225 Ill. App. 3d 1065, 1067; *People v. Brothers* (1989), 179 Ill. App. 3d 788, 791.) The court's examination of the petition and the entry of an appropriate order within the initial period are mandatory, and a trial court's noncompliance with the statute will render a dismissal void. (*Porter*, 122 Ill. 2d at 85-86.) If the court does not dismiss the petition pursuant to section 122—2.1, it then "shall order the petition to be docketed for further consideration in accordance with Sections 122—4 through 122—6" of the Act. Ill. Rev. Stat. 1991, ch. 38, par. 122—2.1(b) (now 725 ILCS 5/122—2.1(b) (West 1992)).

Only if the petition survives this initial reviewing stage can the court appoint counsel or grant leave to the petitioner to proceed as a pauper. (*Novak*, 200 Ill. App. 3d at 190; *People v. Ramsey* (1985), 137 Ill. App. 3d 443, 447.) Similarly, it is only if the petition survives this initial examination stage that the State may file responsive pleadings. If the State moves to dismiss the petition during this initial stage, the motion is a nullity; an order entered in response thereto is also null, void, and of no effect. *Jett*, 211 Ill. App. 3d at 95; *Novak*, 200 Ill. App. 3d at 190-91; *People v. Magdaleno* (1989), 188 Ill. App. 3d 384, 386.

In the second stage, if the court has determined in the first stage that the petition is not frivolous or patently without merit, the court may appoint counsel if the defendant is indigent, and counsel will have the opportunity to amend the post-conviction petition. (*Lemons*, 242 Ill. App. 3d at 944.) In this stage, the State may then move to dismiss the petition. (Ill. Rev. Stat. 1991, ch. 38, pars. 122—4, 122—5 (now 725 ILCS 5/122—4, 122—5 (West 1992)).) The third and final stage will consist of an evidentiary hearing if the petition has not been dismissed on the State's motion. *Lemons*, 242 Ill. App. 3d at 944; Ill. Rev. Stat. 1991, ch. 38, par. 122—6 (now 725 ILCS 5/122—6 (West 1992)).

In this cause, during the initial stage, the petition should have been docketed for the limited purpose of an examination by the trial judge. The judge could have taken one of two actions: (1) he could have dismissed it as frivolous or patently without merit, in which

case the order would have become appealable; or (2) he could have ordered it docketed for further consideration as provided by succeeding sections of the statute. (*Novak*, 200 Ill. App. 3d at 190.) Here, the trial court did not fulfill its duty to comply with the procedure established in section 122—2.1(a) of the Act because it failed to consider the petition without further pleading or input from either party. There was no authority to appoint counsel in this initial stage of the proceeding. The court's consideration of the State's motion to strike tainted its deliberations (*People v. Merritte* (1992), 225 Ill. App. 3d 986, 987) and interfered with the procedure provided by the legislature to expedite the review of post-conviction petitions. The consideration of the State's motion in this manner constituted noncompliance with the statute, and the order of dismissal must be deemed void. *People v. Rutkowski* (1992), 225 Ill. App. 3d 1065, 1067; *People v. Magdaleno*, 188 Ill. App. 3d at 386.

It is difficult to assess to what extent the defendant was prejudiced by this procedural error. Remanding the cause for a new consideration by the trial court alone pursuant to section 122—2.1(a) may not cure the error and may result in yet further delay and prejudice to the defendant. (See *Merritte*, 225 Ill. App. 3d at 988.) More recent appellate decisions have held that the proper remedy for the failure to follow section 122—2.1(a) is to remand the cause so that the petition may be docketed for further consideration under sections 122—4 through 122—6 of the Act. (*Merritte*, 225 Ill. App. 3d at 988; *Rutkowski*, 225 Ill. App. 3d at 1068.) Otherwise, the defendant would have no real remedy for the court's procedural violation if the cause were remanded for the trial court to again determine whether the petition was frivolous and patently without merit. *Rutkowski*, 225 Ill. App. 3d at 1068.

For the foregoing reasons, the dismissal order of the circuit court is vacated, and the cause is remanded with directions that the court docket the petition for further consideration in accordance with sections 122—4 through 122—6 of the Act.

Vacated and remanded with directions.

INGLIS, P.J., and McLAREN, J., concur.