Docket No. 86059–Agenda 5–March 1999.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. MICHAEL WATSON, Appellee.

Opinion filed September 23, 1999.

JUSTICE HEIPLE delivered the opinion of the court:

Does the filing of an amended post-conviction petition restart the 90-day period in which the circuit court may dismiss a petition as frivolous or patently without merit? The answer is yes.

Defendant was convicted of first degree murder, aggravated criminal sexual assault, and aggravated kidnaping, and was sentenced to natural life plus 65 years in prison. The appellate court affirmed on direct appeal. 
People v. Watson
, No. 3–93–0444 (1996) (unpublished order under Supreme Court Rule 23). Defendant then filed a 
pro se
 petition for post-conviction relief in the circuit court of La Salle County on May 31, 1996. In that petition, he sought leave to file an amended petition, which the circuit court subsequently granted. Defendant’s amended petition was filed August 30, 1996. On September 5, 1996, the circuit court dismissed the petition as frivolous or patently without merit.

On appeal of the dismissal of his post-conviction petition, defendant argued that the circuit court erred in finding his petition frivolous or patently without merit. Defendant also argued that the circuit court was not authorized to dismiss the petition because it entered its ruling more than 90 days after the filing of his original petition. The appellate court agreed with this second argument, and reversed and remanded the cause to the circuit court for appointment of counsel to represent defendant on further consideration of the petition. No. 3–96–0886 (unpublished order under Supreme Court Rule 23). We allowed the State’s petition for leave to appeal and now reverse the appellate court.

Under the Post-Conviction Hearing Act (725 ILCS 5/122–1 
et seq. 
(West 1996)), the court in which a post-conviction petition is filed must, within 90 days of the filing, examine the petition, and, if the court determines that the petition is frivolous or patently without merit, enter an order dismissing it. 725 ILCS 5/122–2.1(a)(2) (West 1996). If the court does not dismiss the petition in this manner, it must docket the petition for further consideration and, if satisfied that the petitioner desires but has no means to procure counsel, appoint counsel. 725 ILCS 5/122–2.1(b), 122–4 (West 1996). Defendant in the instant case contends that, because the court failed to dismiss the petition within 90 days from the filing of his original petition, the court was required to docket the petition for further consideration and grant his request for appointed counsel. The State responds that the 90-day period restarted when defendant filed his amended petition. We agree with the State.

The General Assembly has authorized a court considering a post-conviction petition to allow amendments to the petition. 725 ILCS 5/122–5 (West 1996). It would be unreasonable to authorize the court to allow amendments to the petition and yet require the court to rule on the petition within the period remaining for consideration of the original petition. The unreasonableness of defendant’s position is well illustrated by the instant case. After requesting and receiving leave to amend his original petition, defendant mailed the amended petition on the eighty-eighth day of the original period. Under defendant’s suggestion, the circuit court would then have had only two days to consider the merits of the amended petition. Such a truncated time frame to consider the petition would be both inadequate and unfair. Such a rule could work only to the detriment of all, including both defendants and prosecutors.

Accordingly, we hold that, when a defendant who has filed an original post-conviction petition subsequently files an amended petition, the 90-day period in which the court must examine the defendant’s petition and enter an order thereon is to be calculated from the filing of the amended petition. We thus reverse the judgment of the appellate court and remand this cause to the appellate court to address defendant’s arguments on the merits of his petition.

Appellate court judgment reversed;

cause remanded.

CHIEF JUSTICE FREEMAN, specially concurring:

Although I agree with the court’s holding, I write separately because I believe that today’s opinion provides too cursory an analysis concerning the construction of section 122–5 of the Post-Conviction Hearing Act (725 ILCS 5/122–5 (West 1996)). I also believe that the opinion has the potential to cause undue confusion in future cases.

Like my colleagues in the majority, I agree that the filing of an amended post-conviction petition will restart the 90-day period in which the circuit court may dismiss a petition as frivolous or patently without merit. Moreover, I agree that the reason the above is true is because the General Assembly has authorized the circuit court to allow for amended petitions, such as that at issue here, to be filed under the Act. That authorization can be found in section 122–5, as the court correctly holds. Slip op. at 2. However, the court declares this holding in a single sentence (see slip op. at 2 (stating that the section “authorize[s] a court considering a post-conviction petition to allow amendments to the petition”) without first engaging in any statutory construction analysis. Instead, the opinion refers only to reasons of policy that support its interpretation of the language. See slip op. at 2. Although I do not disagree with the policy reasons identified in the court’s opinion, I feel that our analysis in this case should begin with an examination of the language contained in section 122–5.

Section 122–5 provides as follows:

“Within 30 days after the making of an order pursuant to subsection (b) of Section 122–2.1, or within such further time as the court may set, the State shall answer or move to dismiss. In the event that a motion to dismiss is filed and denied, the State must file an answer within 20 days after such denial. No other or further pleadings shall be filed except as the court may order on its own motion or on that of either party. 
The court may in its discretion grant leave, 
at any stage of the proceeding prior to the entry of judgment,
 to withdraw the petition. The court may in its discretion make such order as to amendment of the petition or any other pleading, or as to pleading over, or filing further pleadings, or extending the time for filing any pleading other than the original petition, as shall be appropriate, just and reasonable and as is generally provided in civil cases.
” (Emphasis added.) 725 ILCS 5/122–5 (West 1996).

The plain language of section 122–5 demonstrates that the section deals with two distinct subjects. The first relates to the State’s obligations once a petition has been docketed pursuant to section 122–2.1(b). Under section 122–5, the State, as the responding party, may seek a dismissal of the petition or else it may answer. If a motion to dismiss is denied, the State’s answer must be filed within 20 days after the denial unless more time is given by the court. The next portion of section 122–5, underscored in the above quotation, relates to the discretion the circuit court has in its control of the case “at any stage of the proceeding.” The General Assembly has permitted the circuit court to allow for a withdrawal of the petition and for any amendments “as shall be appropriate, just, and reasonable, and as is generally provided in civil cases.” 
Under our rules of civil procedure, which govern civil cases, a plaintiff may seek to amend its original pleading with leave of court prior to entry of a final judgment. See 735 ILCS 5/2–616(a) (West 1996).

When a court engages in statutory construction, as we do here, its sole task is to ascertain and give effect to the intent of the legislature. To do so, the court must look first to the language of the statute, examining the language as a whole and considering each part or section in connection with every other part or section. 
Antunes v. Sookhakitch
, 146 Ill. 2d 477 (1992). In so doing, I find no reason to read section 122–5 in isolation, as the dissent suggests. Slip op. at 7-8 (Rathje, J., dissenting). The first half of section 122–5 refers back to section 122–2.1(b). The second half of section 122–5 refers to any stage in the proceeding and, at one point, specifically refers to the period before the entry of a final judgment. Petitions dismissed as frivolous or as patently without merit are dismissed under section 122–2.1(a)(2) and such orders of dismissal constitute “final judgment[s].” 725 ILCS 5/122–2.1(a)(2) (West 1996). Thus, the discretion given in the latter portion of section 122–5 relates to any stage in the proceeding prior to the entry of a final judgment. Reading the statute as a whole and giving effect to its language, I find no support for the position that petitioners cannot file amendments (with court approval) under section 122–2.1, for such a prohibition is nowhere stated in the entirety of the Act.
(footnote: 1) Nor do I find any support for the position that the latter provisions of section 122–5 apply 
only
 to petitions that are not frivolous or patently without merit. Today’s decision merely reaffirms this court’s longstanding recognition of the broad discretionary powers afforded by the legislature to the post-conviction judge. See 
People v. Wright
, 149 Ill. 2d 36, 54-55 (1992) (and cases cited therein).

Nevertheless, the potential confusion to which I referred at the outset of this special concurrence will doubtless occur when one compares today’s holding with certain language found in 
People v. Gaultney
, 174 Ill. 2d 410, 418 (1996), and relied upon today by the dissent. See slip op. at 7-9 (Rathje, J., dissenting). The dissent is right to point out the conflict between these two decisions. However, in my view, this language cited by the dissent from our decision in 
Gaultney
 inaccurately describes the procedures to be used in post-conviction proceedings. Specifically, in 
Gaultney
, a majority of this court 
noted that during the first stage of a post-conviction proceeding, “the Act does not permit any further pleadings from the defendant.” 
Gaultney
, 174 Ill. 2d at 418. In other words,
 Gaultney
 states that post-conviction petitioners, such as defendant, are precluded from filing the type of amendment at issue in this case. We today hold that such amendments are permitted under the Act. Although an argument can be made that the statement contained in 
Gaultney
 is merely 
dicta
 because it did not relate to the main question presented to this court for review, I believe that this court should avoid creating a situation in which conflicting lines of authority are allowed to compete. As the highest court in this state, we have an obligation to clarify our position whenever the need to do so arises, particularly since neither our circuit nor our appellate court possesses the authority to overrule or ignore our pronouncements. Because 
Gaultney
 is precedent of relatively recent vintage and because the court makes no mention of it, today’s opinion leaves both bench and bar with the unenviable task of having to discern which opinion provides the correct statement of law. In light of this seeming conflict, I would hold that, given the broad discretion given expressly to the circuit court in section 122–5 by the General Assembly, no principled reason exists to disregard that language and preclude post-conviction petitioners the chance to amend their original petitions. Therefore, to the extent the statement in 
Gaultney
 suggests or holds that such amendments are not permitted under the Act, that statement should not be considered binding authority.

In my view, the result obtained here by the court is faithful to the plain language of the Act and is consistent with our past holdings concerning the wide discretion given to the circuit court in these proceedings. Nevertheless, the court should speak definitively in order to avoid any potential conflict its holding today might create. In all other respects, however, I join in the court’s opinion.

JUSTICE RATHJE, dissenting:

Does the Post-Conviction Hearing Act allow defendants to file amended petitions at the first stage of post-conviction proceedings? The answer is no.

 My colleagues address a nonexistent issue, and I therefore cannot join in their opinion. The majority frames the issue as whether the filing of an amended post-conviction petition restarts the 90-day period in which the circuit court may dismiss a petition as frivolous or patently without merit. That issue need never be addressed, however, as the Act does not allow amended petitions at the initial stage of post-conviction proceedings.

The 90-day rule appears in section 122–2.1(a), while the provision allowing for amendments to the petition is found in section 122–5. Section 122–2.1(a) provides that, within 90 days of the filing of the petition, the court must determine if the petition is frivolous or patently without merit. If so, the court dismisses the petition. If not, the court dockets the petition “for further consideration in accordance with Sections 122–4 through 122–6.” 725 ILCS 5/122–2.1(b) (West 1996). Therefore, the plain language of the statute provides that section 122–5, the only section allowing amendments to the petition, applies only after the first stage of the proceedings.

That is how we construed the statute in 
People v. Gaultney
, 174 Ill. 2d 410 (1996), a decision the majority appears to have forgotten. In 
Gaultney
, we explained the stages of the post-conviction process in noncapital cases as follows:

“Pursuant to the Act, a post-conviction proceeding that does not involve the death penalty has three distinct stages. In the first stage, the defendant files a petition and the circuit court determines whether it is frivolous or patently without merit. 
At this stage, the Act does not permit any further pleadings from the defendant
 or any motions or responsive pleadings from the State. Instead, the circuit court considers the petition independently, without any input from either side. To survive dismissal at this stage, a petition need only present the gist of a constitutional claim. [Citation.] This is a low threshold and a defendant need only present a limited amount of detail in the petition. At this stage, a defendant need not make legal arguments or cite to legal authority. [Citation.] The Act provides that the petition must be supported by ‘affidavits, records, or other evidence supporting its allegations’ or the petition ‘shall state why the same are not attached.’ 725 ILCS 5/122–2 (West 1992). If the circuit court does not dismiss the petition pursuant to section 122–2.1, it is then docketed for further consideration.

The proceeding then advances to the second stage. 
At the second stage, the circuit court appoints counsel to represent an indigent defendant.
 725 ILCS 5/122–4 (West 1992).
 Counsel may file an amended post-conviction petition.
 Also, at this second stage, the Act expressly provides that the State may file a motion to dismiss or answer to the petition. 725 ILCS 5/122–5 (West 1992). Section 122–5 specifically contemplates that the State will file a motion to dismiss or answer after the circuit court has evaluated the petition to determine if it is frivolous. If the circuit court does not dismiss or deny the petition, the proceeding advances to the third stage. At this final stage, the circuit court conducts an evidentiary hearing.” (Emphasis added.) 
Gaultney
, 174 Ill. 2d at 418.

Thus, in 
Gaultney
, we specifically recognized that no further pleadings from the defendant are allowed at the first stage and that the right to amend the petition does not exist until the second stage. The appellate court has also construed the Act as not allowing defendants to file further pleadings at the first stage. See, 
e.g.
, 
People v. Oury
, 259 Ill. App. 3d 663, 667-68 (1994)
;
 People v. Novak
, 200 Ill. App. 3d 189, 190-91 (1990); 
People v. Ramsey
, 137 Ill. App. 3d 443, 447 (1985).

Further, 
Gaultney
 explicitly held that the State is allowed to file a motion to dismiss only at the second stage of the proceeding. We explained that section 122–5 contemplates that the State’s motion to dismiss cannot be filed until the second stage, and that a motion to dismiss filed before that stage is premature. 
Gaultney
, 174 Ill. 2d at 418-19.

The provision of the Act allowing for amendments to the petition, like the provision allowing the State to file a motion to dismiss, is found in section 122–5. The majority’s analysis is premised entirely on section 122–5, yet the majority does not explain why the motion to dismiss provisions of that section apply only at the second stage, while the amendment provision applies at the first stage. 
Gaultney
 correctly recognized that section 122–5 applies only at the second stage. The majority inexplicably carves out one sentence from that section and holds that this one sentence applies at the first stage. I know of no rule of statutory construction that permits, let alone compels, this court to construe different sentences of the same cohesive paragraph in wholly contradictory terms.

I disagree with Chief Justice Freeman that we should repudiate 
Gaultney
. 
Gaultney
’s interpretation of the act is just as correct now as it was three years ago when seven members of this court agreed with that interpretation.

Chief Justice Freeman states that, because section 122–5 allows the petition to be withdrawn at any stage of the proceeding, the petition may be amended at any stage of the proceeding. I disagree. Chief Justice Freeman accuses the dissent of reading section 122–5 in isolation, when it is in fact the majority that does so and refuses to consider it in conjunction with section 122–2.1(b). Neither the majority nor the concurring justice addresses section 122–2.1(b), which clearly provides that sections 122–4 through 122–6 apply only at the second stage. An exception is provided in section 122–5, which states that the petition may be 
withdrawn
 at any stage of the proceeding. This language is not used with any of the other provisions of sections 122–4 through 122–6. If the General Assembly intended to allow amendments at any stage of the proceedings, it could have used similar language, as it did when referring to when petitions could be withdrawn. Exceptions in a statute are to be strictly construed (
People v. Lofton
, 69 Ill. 2d 67, 71 (1977)), and the expression of certain exceptions in a statute will be construed as an exclusion of all others (
State v. Mikusch
, 138 Ill. 2d 242, 250 (1990)).

In addition to being a legally incorrect decision, the majority opinion represents bad policy. Section 122–2.1 was enacted to expedite the consideration of post-conviction petitions, whether frivolous or not. 
Oury
, 259 Ill. App. 3d at 667. By judicially legislating an amendment provision into section 122–2.1 and then holding that the amendment restarts the 90-day period, the majority thwarts the legislature’s intent. The majority implies that its interpretation is beneficial to trial court judges, defendants, and prosecutors. Slip op. at 2. On the contrary, the majority’s interpretation is beneficial only to those defendants who would seek to further drag out the post-conviction process.

Even accepting 
arguendo
 the majority’s implied premise–that amendments are allowed at the first stage–the majority opinion is still legally incorrect and still represents bad policy. There is simply no provision in the Act for the 90-day period to begin anew upon the filing of amendments to the petition. As stated, the intention of the legislature in enacting section 122–2.1 was to expedite the consideration of post-conviction petitions. Surely, if the legislature meant to thwart its own intent by allowing defendants to continually renew the 90-day period it would have expressly included such a provision. 

The only policy reason given by the majority for its decision is that it would be “unfair” for trial judges if defendants filed amended petitions on the eighty-eighth day, thus giving the judge only two days to consider the petition. I am unwilling to assume that trial court judges are as helpless as the majority makes them out to be. Trial judges have complete discretion to make orders regarding amendments to the petition. 725 ILCS 5/122–5 (West 1996). Thus, the trial judge decides whether to allow amendments and when those amendments can be filed. The trial judge in any given case would be aware of the 90-day deadline and would not have to allow an amendment if he or she did not believe there would be sufficient time to rule on it. Trial judges do not have to allow themselves to be sandbagged at the last minute.

Section 122–2.1 does not provide for the 90-day period to begin anew on the filing of an amended petition for the simple reason that amended petitions are not allowed at the first stage. Thus, the trial judge in this case should not have allowed defendant leave to file an amended petition. Defendant’s amended petition was a nullity, and the 90-day period ran from the date defendant filed his first petition. Because the trial court did not dismiss the petition within that time, the appellate court correctly concluded that the trial court was without authority to dismiss it as frivolous and patently without merit and that the petition should have been docketed for further proceedings.

I would affirm the judgment of the appellate court.

FOOTNOTES
1:     
1
If the General Assembly intended to prohibit the filing of such amendments, one would think that such a prohibition would appear within the body of section 122–2.1(a).